CITY OF BENWOOD, *etc., et al.*

*v.*

PUBLIC SERVICE COMMISSION OF

WEST VIRGINIA, *and* CITY OF WHEELING, *etc.*

(No. 14912)

Decided October 7, 1980.

*Kauffelt & Kauffelt and T. D. Kauffelt* for petitioners.

*Robert W. Geake, Public Service Commission, John Marshall III* for respondents.

*George H. Efthemes, pro se,* for Citizens Committee.

PER CURIAM:

This is an appeal by five municipal corporations located near the City of Wheeling from two orders of the Public Service Commission of West Virginia (Commission). In both orders the Commission held that it was without jurisdiction under *W.Va. Code,* 24-2-4b(c) [1979] to review and approve or order changes in the water rates adopted by the City of Wheeling.

This controversy arose on October 23, 1979, when the Wheeling City Council passed an ordinance increasing water rates for the area served by the City of Wheeling.

Although there were two schedules contained in the or-
dinance, only Schedule No. 1 is at issue in this proceed-
ing. It contained the water rates for the entire area
served by the city with service available for general
domestic, commercial and industrial service and sales to
wholesale customers, the Town of Triadelphia, the Village
of Clearview, the Village of Valley Grove, the Village of
Bethlehem and the City of Benwood.[1] The schedule also
provided for a minimum service charge and for a 25%
surcharge where water was supplied through booster
service. The new rates were to become effective forty-
five days after passage of the ordinance.

On November 21, 1979, appellants filed a petition with
the Commission alleging, *inter alia*, that they were be-
ing charged at rates different from those customers
within the corporate limits. The petition also alleged
that such rates were discriminatory and requested the
Commission to review and subsequently change the
rates. On December 3, 1979, the City of Wheeling filed a
communication with the Commission requesting the
Commission to dismiss all petitions filed in the matter[2]
for lack of jurisdiction. The Commission set the case for
hearing which was held on December 18, 1979. Following
the hearing, the Commission entered an order on Janu-
ary 8, 1980, finding *inter alia*:

> That the Water Department of the City of
> Wheeling does not charge its outside customers
> at rates different from those which customers
> inside its corporate limits are charged, as is re-

---

[1] The water rates in Schedule No. 1 were as follows:
*Rate*
First        1,000 gallons used per month $2.40 per 1,000 gallons
Next        99,000 gallons used per month    .74 per 1,000 gallons
Next       900,000 gallons used per month    .56 per 1,000 gallons
Next      2,000,000 gallons used per month    .47 per 1,000 gallons
Next      2,000,000 gallons used per month    .21 per 1,000 gallons
All over 5,000,000 gallons used per month    .18 per 1,000 gallons
[2]   In addition to appellants' petition to the Commission for review
and change of the City of Wheeling's increased water rates, two
other petitions from citizens residing within the city limits were
filed.

quired by West Virginia Code § 24-2-4b(c) before the Commission is to further consider whether it should exercise jurisdiction over the increase in water rates charged by the City of Wheeling to its customers.

The Commission affirmed this order on March 27, 1980, and denied a petition for rehearing in the matter. It is from these orders that appellants now appeal.

The appellants' major contention is that the Commission erred in holding that it was without jurisdiction under *Code*, 24-2-4b(c) [1979] to review the increased water rates adopted by the City of Wheeling.

*Code*, 24-2-4b, enacted on March 10, 1979, had the effect of removing from Commission jurisdiction primary approval of rate increases by municipally owned public utilities in this State unless the conditions set forth in the statute are met.

*Code*, 24-2-4b(c) [1979] provides:

(c) If a municipally operated public utility serves customers outside its municipal corporate limits and these customers are charged at rates different from those which customers within its corporate limits are charged, the public service commission shall review and approve or order changes in such rates if the following conditions are met:

(1) The complaining customers are those who reside outside the boundaries of the municipality which set the rates;

(2) These customers allege that the rates to which they object are discriminatory; and

(3) The request for a review of the rate or charge to which objection has been made is received by the public service commission within thirty days of the effective date of the adoption of the ordinance changing such rate or charge.

Subsection (c) of *Code*, 24-2-4b clearly provides that the public service commission "shall review and approve or order changes" in rates only if the utility serves cus-

tomers outside its corporate limits and those customers are charged at different rates than customers within the corporate limits.

The issue in this proceeding is whether the Commission erred in finding that different rates were not charged by the City of Wheeling for customers outside, as opposed to within, the city limits.

The record before us indicates, and the Commission found as a matter of fact, that all water customers served by the City of Wheeling were charged under the same rate schedule. Bulk rate customers existed both within and without the City of Wheeling and all were subject to the same rate. The 25% booster surcharge was not limited only to those living outside the city but included customers living on high ground in the city. We find no merit in appellants' principal argument that no customers within the city limits have the same combination of volume of water used and booster surcharge, and thus are charged at rates different from those within the city. This arises by virtue of differences in bulk water consumption to which the schedule is keyed. Water customers using the same bulk amount of water are charged the same amount under the schedule. Actually, it is the price they are paying for water which appellants object to, not the rate, and only a different rate gives the Commission jurisdiction to hear the case.

Our standard of review is, of course, quite limited. As we have said:

> The principle is well established by the decisions of this Court that an order of the public service commission based upon its finding of facts will not be disturbed unless such finding is contrary to the evidence, or is without evidence to support it, or is arbitrary, or results from a misapplication of legal principles. *United Fuel Gas Co. v. Public Service Commission*, 143 W.Va. 33, 45, 99 S.E.2d 1, 8 (1957).

We conclude that there was ample evidence supporting the Commission's finding that appellants did not show

they were being charged at rates different from those charged customers within the corporate limits. We also conclude that the Commissioner correctly complied with *Code*, 24-2-4b by holding a hearing to determine whether it had jurisdiction in the matter under the statute. The Commissioner's order is, therefore, affirmed.

*Affirmed.*